“The case again[1] comes before the court, this time on cross-motions for summary judgment, on plaintiff’s motion to strike defendant’s motion for summary judgment, and defendant’s opposition thereto. Defendant asks, in the alternative, that the case be stayed indefinitely.
“What plaintiff seeks is less clear. The merits concern the rights of holders of bonds issued by the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company (later merged into the Philadelphia, Baltimore & Washington Railroad Company (PBWRR)), to immediate redress in this court for alleged Fifth Amendment takings. The PBWRR is presently in reorganization and subject to the Regional Rail Reorganization Act of 1973 (Rail Act), 45 U.S.C. § 701 et seq., as amended by Railroad Revitalization and Regulatory Reform Act of 1976 (RRRRA), P.L. 94-210 (Feb. 5, 1976).
“On the merits, plaintiff-bondholder originally sought compensation, in the form of payment of the face amount of bonds plus interest, for both forced conveyance of PBWRR assets to ConRail and erosion of these assets because of continued forced deficit operations. The assets of PBWRR secure the bonds. In his final brief, however, plaintiff seems to have given up claim to the erosion taking and concentrates instead on the conveyance taking. Procedurally, plaintiff requests this court strike defendant’s motion for summary judgment on the ground that it fails to comply with Ct. Cl. Rule 101(d).
“Addressing the procedural bar plaintiff raises against defendant’s motion for summary judgment, the court denies plaintiff’s motion. Not only does plaintiff misconstrue Rule 101(d), but to hold otherwise would run counter to Rule 1 of this court, that the rules are to be interpreted £to promote the just, speedy, and inexpensive determination of every action.’
“We now turn to the parties’ cross-motions for summary judgment.
“The court holds that defendant’s motion requesting an indefinite stay should be granted and plaintiff’s motion *553 denied. The primary reasons for a stay are judicial economy and the fact that this entire action is premature. The intent of Congress, expressed in the Nail Act, the RRRRA, and elaborated upon in the Report of the Committee of Conference on S. 2718 (the RRRRA), S. Rep. No. 94-595, 94th Cong., 2d Sess. (1976), is that actions such as this one in the Court of Claims should be stayed “until the Special Court has ordered the distribution of the securities and the certificates of value and compensation” pursuant to the Act. S. Rep. No. 94-595, supra, at 205-06. It remains to be considered at a later date whether plaintiff, if he in fact has a cause of action separate from that of the Trustees in Bankruptcy of PBWBB, will be due compensation over and above that granted to the railroad company by the Special Court.
“it is therefore ordered, upon consideration of the briefs and without oral argument, that plaintiff’s and defendant’s motions for summary judgment are denied, and plaintiff’s further motion to strike defendant’s motion for summary judgment is denied. Defendant’s alternative motion for an indefinite stay of proceedings is granted.
“it is further ordered that, six months from the date of this order, plaintiff’s attorney inform the court by letter to the Clerk of the status of proceedings before the Special Court concerning PBWBB.”

 On Feb. 13, 1976, the court denied plaintiff's request for prompt review of a trial judge’s order. Order of Feb. 13, 1876. Ct. Cl. No. 100-75.